UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY O. HARRIS,

        Petitioner,

v.                                            CASE NO. 07-13250
                                            HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER
## DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## AND GRANTING THE WRIT OF HABEAS CORPUS

This matter is pending before the Court on a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254 and a motion for summary judgment. Habeas petitioner Rodney O. Harris was convicted of first-degree murder in 1992. He alleges that he was denied his right to effective assistance of counsel on appeal from his conviction due to his attorneys' failure to file an appellate brief in support of his claim of appeal. Respondent Raymond Booker argues in a motion for summary judgment that Petitioner has failed to comply with the one-year statute of limitations. Petitioner urges the Court to equitably toll the limitations period.

The Court believes that this is an appropriate case for equitable tolling and that Petitioner was deprived of his constitutional right to effective assistance of appellate counsel. Accordingly, Respondent's motion [Doc. 5, Feb. 13, 2008] is denied and the writ of habeas corpus is granted. The history of this case and a discussion follow.

**I. Background**

Petitioner was charged with first-degree murder. His first trial ended in a mistrial on

August 6, 1991, because the jury was unable to reach a verdict. Petitioner was retried in 1992, and on October 14, 1992, an Oakland County circuit court jury found him guilty, as charged, of first-degree (premeditated) murder, MICH. COMP. LAWS § 750.316(1)(a). The trial court sentenced Petitioner to mandatory life imprisonment for the crime.

### A. The Appeal of Right

Petitioner filed a timely claim of appeal, and on November 30, 1992, the trial court appointed the State Appellate Defender Office (SADO) to represent Petitioner on appeal. Petitioner alleges that he did not hear from his appointed attorney and that his family retained attorney Bertram L. Johnson in 1994. On May 1, 1994, Mr. Johnson informed Petitioner by letter that he was in the process of executing the proper documents for substitution of counsel. He stated that he would review the transcripts and that he looked forward to talking with Petitioner. On October 10, 1994, the Michigan Court of Appeals dismissed Petitioner's appeal for lack of prosecution because Mr. Johnson failed to file a timely appellate brief. *See People v. Harris*, No. 159431 (Mich. Ct. App. Oct. 10, 1994).

### B. Post-appeal Correspondence

On July 7, 1996, Petitioner wrote to Mr. Johnson and inquired about the status of his case. He stated that he wanted to bring his case to a conclusion, and he offered to help speed up the process. On September 9, 1998, Mr. Johnson wrote to Petitioner and stated that he was in the process of relocating his office, but that he had not abandoned Petitioner. He explained that he had contacted the warden's office some time ago and left a message for Petitioner. He also stated that he was ready to finalize the matter and needed to consult with Petitioner. He suggested that Petitioner contact him and place his name on a list of individuals authorized to

communicate with Petitioner.

On May 2, 1999, Petitioner wrote to Mr. Johnson and asked him whether he had submitted a brief in his behalf. Petitioner stated that he had been unable to communicate with Mr. Johnson because Johnson's telephone line was blocked. He asked Mr. Johnson to contact him as soon as possible. Mr. Johnson responded on May 13, 1999, that he was relocating his office and that he had experienced some administrative delays. He wrote, "Please be assured that I am filing the appeal we discussed . . . and that I do in fact plan to represent you in this matter." He suggested meeting with Petitioner on May 22, May 29, or June 5.

On February 25, 2002, Petitioner inquired of Mr. Johnson whether he had submitted a brief or any paperwork to the courts in his behalf. He stated that he had the impression Mr. Johnson was avoiding him. He also said that he had been unable to reach Mr. Johnson by telephone due to a restriction on Johnson's office telephone. He noted that Johnson had been retained for seven years, but that Johnson had not visited or corresponded with him in the previous six months.

On October 2, 2002, Petitioner informed Mr. Johnson by letter that he no longer wanted Johnson to represent him because he thought that Johnson had no intention of upholding his obligation. He stated that Mr. Johnson had done nothing to date, and he asked Mr. Johnson to return all the documents that were given to him over the previous seven years.

Petitioner wrote to Mr. Johnson again on March 29, 2003, July 22, 2003, and July 30, 2003. He stated in his letters that Mr. Johnson was never in the office when he called and even when Mr. Johnson suggested calling him on a Saturday or Monday, he was unable to establish communication. Petitioner also stated that he had contemplated filing his own paperwork, but

that he loved and respected Mr. Johnson and his family and believed in Johnson.

On October 30, 2003, Mr. Johnson informed Petitioner that his case was reversed on appeal and that counsel was reinstated automatically. Although the record does not support Johnson's allegation, he stated that he would visit Petitioner within ten days to discuss representing him on appeal.

### C. Petitioner's Post-Conviction Motion to Restart the Appeal Period

On November 9, 2005, Petitioner filed a *pro se* motion to restart the time for filing an appeal of right. The trial court denied the motion on the ground that Petitioner had "failed to present a sufficient basis to establish his right to the relief requested." Petitioner appealed the trial court's decision. In lieu of granting leave to appeal, the Michigan Court of Appeals remanded the case to the trial court for appointment of an attorney who could file a motion for relief from judgment. The court of appeals stated that Petitioner had filed a timely claim of appeal and that appointment of counsel was appropriate because Petitioner's conviction was never reviewed on the merits. *See People v. Harris*, No. 272763 (Mich. Ct. App. Nov. 14, 2006).[1]

One week later, Petitioner wrote to the trial court and stated that he would like to know the name of his appointed attorney so that he could pursue an appeal of right. It appears that no attorney was appointed and that no motion for relief from judgment was filed in Petitioner's behalf. On December 19, 2006, Petitioner wrote to the Chief Judge of the Michigan Court of Appeals and asked for clarification of the court's November 14, 2006, order. Petitioner explained that he needed to know whether the court was directing him to file a delayed appeal or

---

[1] Judge Patrick M. Meter voted to deny leave to appeal.

whether he was required to file a motion for relief from judgment without having had a direct appeal.

In 2007, Petitioner wrote to Mr. Johnson and his former SADO attorney about items that he was hoping to obtain from his file. On June 7, 2007, Mr. Johnson wrote to Petitioner and explained that he had a liver transplant on July 19, 2006, and other surgeries since then. He expressed disappointment after reviewing certain information regarding Petitioner's statements to the police, and he stated that he thought they were going to attack those issues, but that the merits were not there. He promised to return Petitioner's transcripts to him as soon as he paid his delinquent storage bill.

At some point, Petitioner filed a motion for an order of appointment of counsel in the Michigan Supreme Court. On June 26, 2007, the Clerk of the Michigan Supreme Court informed Petitioner that, if he were trying to enforce the court-of-appeals order, he must proceed first in the trial court and, if necessary, appeal to the Michigan Court of Appeals before attempting to file a document in the state supreme court.

Petitioner signed and dated his habeas corpus petition on August 3, 2007. His only claim reads:

> Court appointed appellate counsel denied Petitioner his Sixth Amendment right to effective assistance of counsel on direct appeal where appellate counsel failed to file Petitioner's adequate notice of appeal and/or brief on Petitioner's behalf.

## II. Discussion

### A. The Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Among other things, AEDPA established a one-year statute of limitations for habeas

petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The one-year statute of limitations runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner is not asserting a new constitutional right or a factual predicate that could not have been discovered earlier. Nor has he alleged that a state-created impediment prevented him from filing a timely habeas petition. Thus, subsection 2244(d)(1)(A) is the only relevant subsection here.

Petitioner's conviction became final for purposes of subsection 2244(d)(1)(A) at some point before the AEDPA was enacted on April 24, 1996. Consequently, there was a grace period of one-year, or until April 24, 1997, to file his habeas petition. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). Petitioner filed his habeas petition over ten years later. The habeas petition clearly is time-barred, absent tolling.

## Equitable Tolling

Equitable tolling applies to the one-year limitations period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his

6

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts ordinarily must consider and balance the following four factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Petitioner does not claim to have lacked notice or constructive knowledge of the filing requirement, but he has been diligent in pursuing relief for his claims. Over a period of fourteen years, Petitioner wrote to his SADO attorney, his retained attorney, the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court in an effort to obtain review of his case. Although there were some years when he apparently did nothing to advance his case, there was no extraordinarily long period of unexplained idleness. *Cf. Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002) (finding it inappropriate to exercise equitable powers and toll the statute of limitations where the petitioner was aware of the filing deadline at least a few days before the deadline expired, but sat on his claims for nearly twelve years).

In addition, Mr. Johnson led Petitioner to believe that he was pursuing an appeal in Petitioner's behalf. In 1998, years after Petitioner's claim of appeal was dismissed for lack of prosecution, Mr. Johnson informed Petitioner that he was ready to finalize the matter and that he had not abandoned Petitioner. During the following year, Mr. Johnson assured Petitioner that he

was filing the appeal they had discussed and that he planned to represent Petitioner. Incredibly, in 2003, Mr. Johnson informed Petitioner that his case had been reversed on appeal and that he would visit Petitioner within ten days to discuss representing him on appeal. As late as November 14, 2006, the Michigan Court of Appeals led Petitioner to believe that an attorney would be appointed to assist him in filing a post-conviction motion for relief from judgment. Equitable tolling is warranted because Petitioner was induced into allowing the filing deadline to pass. *Erwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Court therefore **DENIES** Respondent's motion for summary judgment.

The statute of limitations is equitably tolled from April 24, 1996, when the AEDPA became effective, until November 9, 2005, when Petitioner filed his motion to restart the appeal period. The limitations period was tolled while Petitioner's motion, and his appeal from the denial of that motion, were pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner filed his habeas corpus petition in this Court less than a year after the Michigan Court of Appeals remanded his case for appointment of counsel. Having tolled the limitations period, the habeas petition is deemed timely filed.

### B. Exhaustion of State Remedies

The doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Federal courts ordinarily must dismiss a habeas petition containing any unexhausted claims.

*Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Petitioner's sole claim is that he was denied effective assistance of appellate counsel. He has not raised this issue as an independent claim at all levels of state court review. Thus, he has failed to comply with the exhaustion requirement.

Exhaustion of state remedies, however, is not a jurisdictional limitation on the Court's power. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). Courts may grant relief, despite the failure to exhaust, when "there exist 'circumstances rendering such processes ineffective to protect the rights of the prisoner,'" *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (quoting 28 U.S.C. § 2254(b)), or "where further action in state court 'would be an exercise in futility.'" *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) (quoting *Lucas v. Michigan*, 420 F.2d 259, 262 (6th Cir. 1970)). The exhaustion requirement should be excused when a petitioner's appellate attorney failed to prosecute an appeal and the state court did not give prompt consideration to the petitioner's claims or failed to ensure timely representation. *See Turner*, 401 F.3d at 724-26.

Petitioner's only available state remedy at this point is to file a motion for relief from judgment in the trial court. Although the Michigan Court of Appeals ordered the trial court to appoint an attorney for Petitioner so that Petitioner could file a motion for relief from judgment, it appears from the trial court's docket that nothing was done to comply with that order. No attorney was appointed to assist Petitioner, and Petitioner's letter to the trial court on November 21, 2006, appears to have gone unanswered.

In light of the state court's failure to appoint counsel, the Court believes that it would be futile to require Petitioner to raise his pending claim in a motion for relief from judgment. The

Court therefore excuses the failure to exhaust state remedies.

### C. Standard of Review

Habeas petitioners ordinarily are required to show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When, as here, no state court has evaluated a habeas petitioner's federal claim on the merits, the deference due under § 2254(d) does not apply, and habeas review of the claims is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

### D. The Merits

Petitioner alleges that he was precluded from obtaining appellate review of any claims that he might have raised on direct appeal due to his appellate attorneys' deficient performances. Defendants in criminal cases possess a constitutional right to effective assistance of counsel in their first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The test for claims of ineffective assistance of counsel has two components: "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

#### 1. The Performance Prong

Petitioner's first appellate attorney apparently did nothing to assist Petitioner, and the

second appellate attorney (Bertram L. Johnson) failed to file an appellate brief in support of Petitioner's claim of appeal. As a result, the Michigan Court of Appeals dismissed Petitioner's appeal.

"[A]n attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards." *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005), *cert. denied*, 547 U.S. 1099 (2006). A failure to file a timely appellate brief is objectively unreasonable, *Paluskas v. Bock*, 410 F. Supp. 2d 602, 608 (E.D. Mich. 2006) (Lawson, J.), because "[a]n attorney who files a notice of appeal must diligently prosecute that appeal until written authorization to withdraw is sought and received from the appellate court." *Benoit v. Bock*, 237 F. Supp.2d 804, 811 (E.D. Mich. 2003) (Lawson, J.) (citing *Abels v. Kaiser*, 913 F.3d 821, 823 (10th Cir. 1990)). Because Petitioner's attorneys failed to abide by a deadline for filing an appellate brief, Petitioner has satisfied the "deficient performance" prong of *Strickland*.

### 2. The Prejudice Prong

The next question is whether the appellate attorneys' deficient performances prejudiced the defense. Prejudice is presumed, with no further showing of the merits of the underlying claims, when violation of the right to counsel renders a proceeding "presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). "Put simply, [courts] cannot accord any 'presumption of reliability,' to judicial proceedings that never took place." *Id.* at 483 (quoting *Smith v. Robbins*, 528 U.S. 259, 286 (2000)).

Petitioner was deprived of a direct appeal from his conviction because his appointed and

retained attorneys failed to file an appellate brief.  Petitioner did not even have an appeal by leave of court.  Prejudice is presumed because he was deprived of an entire proceeding to which he was entitled.  His attorneys' failure to perfect a direct appeal is a *per se* violation of the Sixth Amendment right to effective assistance of appellate counsel, regardless of the probability of success on appeal.  *White v. Schotten*, 201 F.3d at 752 (citing *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

### III.  Conclusion

The failure of Petitioner's appellate attorneys to file an appellate brief constituted deficient performance, and prejudice is presumed because the attorneys' omissions deprived Petitioner of a proceeding to which he was entitled.  Thus, Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel on appeal, and the application for a writ of habeas corpus is **GRANTED.**

Federal courts must dispose of habeas corpus matters "as law and justice require."  28 U.S.C. § 2243 ¶8.  In certain circumstances, "deprivation of access to the appellate process renders the appeal worthless such that a petition for *habeas corpus* may be unconditionally granted."  *Turner*, 401 F.3d at 727.  The ineffective assistance provided by Petitioner's appellate attorneys deprived Petitioner of an opportunity to pursue a meaningful direct appeal from his conviction.  Law and justice require that his petition be unconditionally granted.  *Turner*, 401 F.3d at 727.  Accordingly, within sixty days of the date of this order, the State shall (1) appoint counsel to assist Petitioner in identifying any appealable issues if Petitioner is unable to retain counsel and (2) reinstate Petitioner's appeal of right in the Michigan Court of Appeals.  *Ward v. Wolfenbarger*, 323 F. Supp.2d 818, 830 (E.D. Mich. 2004) (Tarnow, J.); *Benoit v. Bock*, 237 F.

Supp.2d at 812.

Dated: August 1, 2008

                             S/George Caram Steeh
                             GEORGE CARAM STEEH
                             UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 1, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk