UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODNEY O. HARRIS,

          Petitioner,

v.                                           CASE NO. 07-13250
                                             HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

          Respondent.
_____/

**ORDER
(1) GRANTING RESPONDENT'S MOTION
FOR RELIEF FROM JUDGMENT,
(2) DENYING PETITIONER'S MOTION IN OPPOSITION, AND
(3) AMENDING THE OPINION, ORDER, AND JUDGMENT
DATED AUGUST 1, 2008**

**I. Introduction**

On August 1, 2008, the Court granted an unconditional writ of habeas corpus on the ground that Petitioner was deprived of his constitutional right to effective assistance of counsel during his appeal of right. The Court ordered the State to appoint counsel for Petitioner and to reinstate his appeal of right in the Michigan Court of Appeals.

Pending before the Court are Respondent's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(a) and Petitioner's Motion in Opposition to Respondent's motion. Respondent alleges that the Court erroneously granted Petitioner an unconditional writ of habeas corpus while, at the same time, ordering the State to provide Petitioner with a new appeal of right. Respondent seeks clarification as to whether the Court intended to have the State immediately release Petitioner or whether the Court intended the State to continue to hold

Petitioner in custody, provided that it appoints counsel and reinstates Petitioner's appeal of right.

Petitioner maintains that Respondent is equitably estopped from obtaining relief from judgment because Respondent opposed the habeas corpus petition by filing a motion for summary judgment instead of a responsive pleading. Petitioner asserts that Respondent has waived any defense to the habeas petition by not filing a responsive pleading.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." A court properly acts under Rule 60(a) when it is necessary to correct a mistake or oversight that causes the judgment to reflect something other than what the Court intended. *In re Walter*, 282 F.3d 434, 441 (6th Cir. 2002) (quoting *Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685, 689 (11th Cir.1987)). Courts also may grant relief from judgment under Federal Rule of Civil Procedure 60(b)(1), which "provides for relief from judgment in instances of 'mistake, inadvertence, surprise, or excusable neglect,' and governs instances where the mistake was based upon legal error." *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (quoting *Hopper v. Euclid Manor Nursing Home*, *Inc.,* 867 F.2d 291, 294 (6th Cir.1989)).

The Court's Opinion and Order and Judgment dated August 1, 2008 [Doc. 9] contained a legal error or contradiction in that it granted an unconditional writ of habeas corpus (typically meaning release from custody) and also implied that the State should continue to hold Petitioner unless it failed to grant him an appeal of right and to appoint counsel for him. The Court's intent

2

was for the State to continue to hold Petitioner in custody, to reinstate Petitioner's appeal of right, and to appoint counsel for Petitioner for the purpose of assisting him with an appeal of right. The Court did not intend for the State to immediately release Petitioner. The Court therefore erred in granting an unconditional writ of habeas corpus. Relief under either Rule 60(a) or 60(b)(1) is appropriate because the grant of the writ of habeas corpus in this case is conditional, not unconditional. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (noting that conditional writs of habeas corpus provide the State with a window of time to cure an error and that the consequence of failing to comply with a conditional writ is release), *cert. denied*, __ U.S.__, 127 S. Ct. 1832 (2007).[1]

Petitioner's argument in opposition to Respondent's motion fails because it essentially attacks Respondent's Motion for Summary Judgment [Doc. 5, Feb. 13, 2008], which the Court has already denied, as opposed to Respondent's pending Motion for Relief from Judgment. Furthermore, although Respondent's Motion for Summary Judgment technically was not a "pleading," as that term is defined in Federal Rule of Civil Procedure 7(a), respondents in habeas corpus actions may file an answer, *motion*, or other response to a habeas corpus petition. *See* Rule 4 of the Rules Governing Section 2254 Cases (emphasis added). Therefore, Respondent was not precluded from opposing Petitioner's habeas corpus petition by filing a motion for summary judgment in lieu of an answer.

### III. Conclusion

---

[1] "District courts rightly favor conditional grants . . . out of a proper concern for comity among the co-equal sovereigns." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.), *cert. denied*, __ U.S. __, 127 S. Ct. 838 (2006). "Absolute grants are therefore generally limited to situations where the nature of the error is simply incurable, such as a conviction under an unconstitutional statute." *Id.*

For the reasons given above, Respondent's Motion for Relief from Judgment [Doc. 11, August 4, 2008] is **GRANTED**, and Petitioner's Motion in Opposition [Doc. 12, Aug. 15, 2008] is **DENIED**. The concluding paragraph of the Court's Opinion and Order dated August 1, 2008 [Doc. 9] is amended to read as follows:

> Federal courts must dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243 ¶8. The ineffective assistance provided by Petitioner's appellate attorneys deprived Petitioner of an opportunity to pursue a meaningful direct appeal from his conviction. Law and justice require that his petition be conditionally granted. Accordingly, the State shall release Petitioner unless, within sixty days of the date of this order, the State (1) appoints counsel to represent Petitioner in identifying any appealable issues if Petitioner is unable to retain counsel and (2) reinstates Petitioner's appeal of right in the Michigan Court of Appeals. *Ward v. Wolfenbarger*, 323 F. Supp.2d 818, 830 (E.D. Mich. 2004) (Tarnow, J.); *Benoit v. Bock*, 237 F. Supp.2d at 812.

The Court's Judgment dated August 1, 2008 [Doc. 10], is amended to state that the writ of habeas corpus is conditionally granted and that the State shall release Petitioner unless, within sixty days of the date of the judgment, the State appoints counsel for Petitioner if he is unable to retain counsel and reinstates Petitioner's appeal of right.

**IT IS SO ORDERED**.

Dated: August 18, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 18, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk